Bruce L. Simon (Bar No. 92641)
   bsimon@psswplaw.com
Esther L. Klisura (Bar No. 221171)
   eklisura@psswplaw.com
PEARSON, SIMON, SOTER, WARSHAW
   & PENNY, LLP
44 Montgomery Street, Suite 1200
San Francisco, CA 94104
Telephone:   (415) 433-9000
Facsimile:   (415) 433-9008

Clifford H. Pearson (Bar No. 108523)
   cpearson@psswplaw.com
Gary S. Soter (Bar No. 67622)
   gsoter@psswplaw.com
Daniel L. Warshaw (Bar No. 185365)
   dwarshaw@psswplaw.com
PEARSON, SIMON, SOTER, WARSHAW
   & PENNY, LLP
15165 Ventura Boulevard, Suite 400
Sherman Oaks, CA 91403
Telephone:   (818) 788-8300
Facsimile:   (818) 788-8104

*Counsel for Plaintiff and the Class*

ORIGINAL FILED
AUG 17 2007
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

E-filing

MMC

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

C 07 4244

| | |
|---|---|
| YOON S. CHANG, on behalf of herself and all others similarly situated,<br><br>  Plaintiff,<br><br>  vs.<br><br>KOREAN AIR LINES CO., LTD., and ASIANA AIRLINES, INC.,<br><br>  Defendants. | Case No.<br><br>**CLASS ACTION COMPLAINT FOR DAMAGES**<br><br>**DEMAND FOR JURY TRIAL** |

771708.1

CLASS ACTION COMPLAINT FOR DAMAGES

## I. INTRODUCTION

1. Plaintiff Yoon S. Chang brings this action on behalf of herself individually and on behalf of a plaintiff class (the "Class") consisting of all persons and entities who purchased passenger air transportation services containing at least one flight segment between the United States and the Republic of Korea ("Korea") from defendant Korean Air Lines Co., Ltd. or defendant Asiana Airlines, Inc. between January 1, 2000 and the present (the "Class Period").

2. Defendants, Korean Air Lines Co., Ltd. and Asiana Airlines, Inc., are the two largest Korean airlines and the only Korean airlines offering international passenger flights to, and from, the United States. Plaintiff alleges that during the Class Period, defendants conspired, combined and contracted to fix, raise, maintain, and stabilize the price at which passenger air transportation services containing flight segments between the United States and Korea.

3. As a result of defendants' unlawful conduct, plaintiff and the other members of the Class paid artificially inflated prices for such passenger air transportation services. Such prices exceeded the amount they would have paid if the prices had been determined by a competitive market.

## II. JURISDICTION AND VENUE

4. Plaintiff brings this action under Sections 4, 12 and 16 of the Clayton Act (15 U.S.C. Sections 15, 22 and 26) for treble damages and injunctive relief, as well as reasonable attorneys' fees and costs with respect to the injuries sustained by plaintiff arising from violations by defendants of the federal antitrust laws, including Section 1 of the Sherman Antitrust Act (15 U.S.C. Section 1).

5. This Court has jurisdiction over this action pursuant to 28 U.S.C. Sections 1331, 1337(a) and 1367.

6. Venue is proper in this judicial district pursuant to 15 U.S.C. Sections 15 and 22, and 28 U.S.C. Section 1391(b) and (c), in that both defendants conduct a substantial amount of business in this judicial district. Korean Air Lines Co., Ltd. and Asiana

Airlines, Inc. both operate direct passenger flights to and from San Francisco International Airport ("SFO"), which is located in this judicial district.

### III. PARTIES

**A. Plaintiff**

7. Plaintiff Yoon S. Chang is a resident of Los Angeles County, California. During the Class Period, plaintiff purchased passenger air transportation services containing flight segments between the United States and Korea from defendant Korean Air Lines Co., Ltd.

**B. Defendants**

8. Defendant Korean Air Lines Co., Ltd. ("Korean Air") is a Korean corporation headquartered at 1370, Gonghang-dong, Gangseo-gu, Seoul, Korea. Korean Air services 90 cities in 33 countries. It is one of the world's top 20 airlines measured by revenue. Korean Air's biggest passenger market outside of Korea is the United States. During the Class Period, Korean Air sold passenger air transportation services containing flight segments between the United States and Korea.

9. Defendant Asiana Airlines, Inc. ("Asiana") is a Korean corporation headquartered as Kangseo P.O. Box 98 #47, Oseo-dong, Kangseo-Ku Seoul, Korea. Asiana has a 58-plane fleet and provides passenger air transportations services to 17 countries. During the Class Period, Asiana sold passenger air transportation services containing flight segments between the United States and Korea.

**C. Co-Conspirators and Agents**

10. Certain other persons, firms, corporations and entities have participated as co-conspirators as defendants in the violations and conspiracy alleged herein. In order to engage in the offenses charged and violations alleged herein, these co-conspirators have performed acts and made statements in furtherance of the antitrust violations and conspiracies alleged herein.

11. At all relevant times, each defendant was an agent of each of the remaining defendants, and in doing the acts alleged herein, was acting within the course and scope of

such agency. Each defendant ratified and/or authorized the wrongful acts of each of the defendants. Defendants, and each of them, are individually sued as participants and as aiders and abettors in the improper acts and transactions that are the subject of this action.

## IV.    CLASS ACTION ALLEGATIONS

12.     Plaintiff brings this action both on behalf of herself individually, and as a class action pursuant to Federal Rules of Civil Procedure, Rule 23(a) and (b)(3), on behalf of the following class (the "Class").

> All persons and entities who purchased passenger air transportation services containing at least one flight segment between the United States and the Republic of Korea from one or more defendants between January 1, 2000 and the present. The Class does not include: (1) defendants; (2) defendants' parents, subsidiaries, or affiliates; (3) any governmental entities; (4) any co-conspirators; or (5) any judicial officer to whom this case is assigned.

13.     Plaintiff does not know the exact number of Class members because such information is in the exclusive control of defendants. Plaintiff believes that, due to the nature of the trade and commerce involved, there are most likely hundreds of thousands, if not millions, of Class members in the United States such that joinder of all Cass members is impracticable.

14.     Plaintiff's claims are typical of the claims of the Class in that plaintiff purchased passenger air transportation services containing flight segments between the United States and Korea from a defendant, all Class members were damaged by the same wrongful conduct of defendants and their co-conspirators as alleged herein, and the relief sought is common to the Class.

15.     Numerous questions of law or fact arise from defendants' anti-competitive conduct that is common to the Class. These common questions include:

    a.      whether defendants engaged in a contract, combination or conspiracy among themselves to fix, maintain or stabilize the prices of, or allocate the market for, passenger air transportation services containing flight segments between the United States and Korea;

    b.      whether the conduct of defendants caused prices of passenger air

PEARSON, SIMON, SOTER, WARSHAW & PENNY, LLP
44 MONTGOMERY STREET, SUITE 1200
SAN FRANCISCO, CALIFORNIA 94104

transportation services containing flight segments between the United States and Korea to be artificially inflated to non-competitive levels; and

    c.    whether plaintiff and other members of the Class were injured by the conduct of defendants and, if so, the appropriate class-wide measure of damages and appropriate injunctive relief.

16. These common questions of law or fact are common to the Cass and predominate over any other questions affecting only individual Class members.

17. Plaintiff will fairly and adequately represent the interests of the Class in that plaintiff is a typical purchaser of passenger air transportation services from defendants and have no conflicts with any other member of the Class. Furthermore, plaintiff has retained competent counsel experienced in antitrust and class action litigation.

18. A class action is superior to the alternatives, if any, for the fair and efficient adjudication of this controversy.

19. Prosecution of separate actions by individual Class members would create the risk of inconsistent or varying adjudications, establishing incompatible standards of conduct for the defendants.

20. Injunctive relief is appropriate as to the Class as a whole because defendants have acted or refused to act on grounds generally applicable to the Class.

21. Plaintiff reserves the right to expand, modify or alter the Class definition in response to information learned during discovery.

## V. TRADE AND COMMERCE

22. During the Class Period, defendants sold substantial quantities of passenger air transportation services containing flight segments between the United States and Korea in a continuous and uninterrupted flow of interstate and international commerce to customers throughout the United States.

23. The business activities of defendants that are the subject of this action were within the flow of, and substantially affected, interstate and foreign trade and commerce.

## VI. FACTUAL ALLEGATIONS

24. Throughout the Class Period, Korean Air and Asiana have engaged in the business of selling passenger air transportation services containing flight segments between the United States and Korea.

25. The price of defendants' passenger air transportation services include different components, including but not limited to base fares and fuel surcharges. Fuel surcharges are a separate component of the price of passenger air transportation services that are supposed to assist airlines to recover fuel costs.

26. Beginning on or about January 1, 2000, Korean Air and Asiana conspired to fix the price of passenger air transportation services between the United States and Korea. Defendants accomplished this conspiracy by participating in meetings, conversations, and communications in which they agreed on the prices to be charged for passenger air transportation services, including but not limited to uniform fuel surcharges.

27. Defendants' uniform fuel surcharges did not reflect actual fuel costs, which are dependent on numerous unique factors. These factors include variable currency rates, the use of hedging, the efficiency of flight routes, the efficiency of aircrafts, and the individual airline's fuel conservation efforts.

28. As a result of defendants' conspiracy, plaintiff and members of the Class paid supra-competitive prices for passenger air transportation services sold by defendants.

29. On August 1, 2007, the United States Department of Justice ("DOJ") indicted Korean Air for criminal antitrust violations. The DOJ alleged that Korean Air conspired to fix the prices of "passenger fares to be charged on flights from the United States to Korea . . . ." That same day, it was announced that Korean Air had agreed to plead guilty to the charges and pay $300 million in criminal fines.

30. On August 2, 2007, a lawyer for Korean Air stated, "We apologize to our clients and shareholders," and "We're intensifying internal monitoring and education to prevent a *repeat* of the wrongdoing." [Emphasis added]

31. On August 2, 2007, *The Korea Times* quoted an Asiana spokesperson as

saying that the company had provided information to government authorities in connection with the criminal case against Korean Air.

32. Defendants Korean Air and Asiana have a history of collusive and anti-competitive behavior. In 2001, during the Class Period alleged in this action, the Korean Fair Trade Commission ("KFTC") fined Korean Air and Asiana for conspiring to set *domestic* passenger air transportation services. According to an April 18, 2001 article in the *Airline Industry Information*, the KFTC found that the timing and extent of the airlines' domestic price rises indicated a prior agreement. The KFTC fined Korean Air 1.77 billion won and fined Asiana 1.26 billion won. In February 2006, Korean Air and Asiana confirmed reports that investigators from the KFTC had raided their offices as a result of cartel concerns.

33. Korean Air and Asiana are both members of the Association of Asia Pacific Airlines ("AAPA"), a trade association that traces its origins back more than 40 years. According to AAPA's website, its purposes include "foster[ing] close cooperation" and "enhanc[ing] the role of major airlines for international cooperation and growth in the economic, social and cultural fields." This common association facilitated the exchange of pricing information between Korean Air and Asiana.

## VII. VIOLATIONS ALLEGED

34. Plaintiff incorporates by reference as if fully set forth, the preceding allegations of this Complaint.

35. Although the exact start date of the conspiracy is unknown to plaintiff, plaintiff believes that beginning in or about January 1, 2000, defendants, by and through their officers, directors, employees, agents, or other representatives, entered in a continuing contract, combination or conspiracy to unreasonably restrain trade and commerce in violation of Section 1 of the Sherman Act (15 U.S.C. Section 1).

36. Defendants, by their unlawful conspiracy, artificially raised, inflated and maintained the market price of passenger air transportation services containing flight segments between the United States and Korea as herein alleged.

37. The contract, combination or conspiracy consisted of a continuing agreement, understanding and concert of action among defendants and their co-conspirators, the substantial terms of which were to fix, raise, maintain and stabilize the prices of, and/or allocate the market for, passenger air transportation services containing flight segments between the United States and Korea.

38. Upon information and belief, for the purpose of formulating and effectuating their contract, combination or conspiracy, defendants and their co-conspirators did those things they contracted, combined or conspired to do, including:

    a. participating in meetings, conversations, and communications to discuss the prices of and/or allocate the market for passenger air transportation services;

    b. agreeing to the prices that would be charged for passenger air transportation services;

    c. issuing price announcements and price quotations in accordance with the agreements reached; and

    d. engaging in meetings, conversations, and communications for the purpose of monitoring and adhering to the agreed-upon prices.

39. As a direct result of the unlawful conduct of defendants and their co-conspirators in furtherance of their continuing contract, combination or conspiracy, plaintiff and other members of the Class have been injured in their business and property in that they have paid more for passenger air transportation services than they would have paid in the absence of defendants' price fixing.

## VIII. EFFECTS

40. The above combination and conspiracy has had the following effects, among others:

    a. price competition in the sale of passenger air transportation services by defendants and their co-conspirators has been restrained, suppressed and eliminated throughout the United States;

   b. prices for passenger air transportation services sold by defendants has been raised, fixed, maintained and stabilized at artificially high and non-competitive levels throughout the United States; and

   c. purchasers of passenger air transportation services from defendants have been deprived of the benefit of free and open competition in the purchase of such services.

41. As a direct and proximate result of the unlawful conduct of defendants, plaintiff and other members of the Class have been injured in their business and property in that they paid more for passenger air transportation services than they otherwise would have paid in the absence of the unlawful conduct of defendants.

## IX. FRAUDULENT CONCEALMENT

42. Plaintiff had no knowledge of the combination and conspiracy alleged herein, or of any facts that might have led to the discovery thereof in the exercise of reasonable diligence, prior to Wednesday, August 1, 2007, when defendant Korean Air was indicted for criminal conspiracy to restrain trade by the DOJ.

43. Plaintiff could not have discovered the existence of the combination and conspiracy alleged herein at an earlier date by the exercise of reasonable due diligence because of the deceptive practices and techniques of secrecy employed by the defendants and their co-conspirators to avoid detection and affirmatively conceal such violations including, without limitation, falsely attributing price increases to increased operating costs.

44. Plaintiff had no reason to disbelieve these statements which on their face appeared to be reasonable explanations for the pricing of passenger air transportation services. Furthermore, most of the explanations provided by defendants involved non-public and/or proprietary information completely in defendants' control such that plaintiff and members of the Class could not verify their accuracy. Defendants' purported reasons for the price increases of passenger air transportation services prices were materially false and misleading and were made for the purpose of concealing defendants' anti-competitive

1  scheme as alleged herein. In truth, at all relevant times, the price of passenger air
2  transportation services was artificially inflated and maintained as a direct result of the
3  defendants' anti-competitive scheme, the operation of which was a substantial (but
4  undisclosed) factor in the pricing of passenger air transportation services during the Class
5  Period.

6  45.  As a result of the fraudulent concealment of the conspiracy, plaintiff asserts
7  the tolling of the applicable statute of limitations affecting the causes of action by plaintiff
8  and the members of the Class.

## X. DAMAGES

46.  During the Class Period, plaintiff and the other members of the Class purchased passenger air transportation services directly from defendants, or their subsidiaries, agents, and/or affiliates, and, by reason of the antitrust violations herein alleged, paid more for such products than they would have paid in the absence of such antitrust violations. As a result, plaintiff and the other members of the Class have sustained damages to their business and property in an amount to be determined at trial.

## XI. PRAYER FOR RELIEF

WHEREFORE, plaintiff demands judgment against defendants as follows:

A.  A declaration that this action is a proper class action under Federal Rule of Civil Procedure 23(b)(3) on behalf of the Class defined herein, and an Order directing that reasonable notice of this action, as provided by Federal Rule of Civil Procedure 23(c)(2), be given to each member of the Class;

B.  A declaration that the unlawful combination and conspiracy alleged herein is an unreasonable restraint of trade of commerce in violation of Section 1 of the Sherman Act (15 U.S.C. Section 1);

C.  An injunction enjoining, preliminarily and permanently, defendants from continuing the unlawful combination and conspiracy alleged herein;

D.  An award to plaintiff and each member of the Class damages, as provided by law, and joint and several judgments in favor of plaintiff and each member of the Class

1  against defendants, and each of them, in an amount to be trebled in accordance with the
2  antitrust laws;
3      E.    An award to plaintiff and the Class for the costs of this suit (including expert
4  fees), and reasonable attorneys' fees, as provided by law; and
5      F.    An award for such other and further relief as the nature of this case may
6  require or as this court deems just, equitable and proper.

## JURY DEMAND

Plaintiff demands a jury trial, pursuant to Federal Rule of Civil Procedure 38(b) of all triable issues.

DATED: August 17, 2007     By: */s/ Esther Klisura*
                                            Bruce L. Simon
                                            Esther L. Klisura
                                            PEARSON, SIMON, SOTER,
                                            WARSHAW & PENNY, LLP

                                            Clifford H. Pearson
                                            Gary S. Soter
                                            Daniel L. Warshaw
                                            PEARSON, SIMON, SOTER,
                                            WARSHAW & PENNY, LLP

*Attorneys for Plaintiff and the Proposed Class*

PEARSON, SIMON, SOTER, WARSHAW & PENNY, LLP
44 MONTGOMERY STREET, SUITE 1200
SAN FRANCISCO, CALIFORNIA 94104